IN THE COUNTY COURT IN AND FOR
HILLSBOROUGH COUNTY, FLORIDA

CASE NO.

BRIAN and CHRISTINE ROYS,　　　　　　　　　　　09 12421

　　　Plaintiffs,

v.

NCC BUSINESS SERVICES, INC.,

　　　Defendant.
_____/

## COMPLAINT

NOW COME the Plaintiffs, BRIAN and CHRISTINE ROYS, by and through their attorneys, WEISBERG & MEYERS, LLC, complaining against the Defendant, NCC BUSINESS SERVICES, INC., and alleging as follows:

### PRELIMINARY STATEMENT

1.　　This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereafter the "FDCPA"), 15 U.S.C. §1692, et seq. and the Florida Consumer Collection Practices Act, Fla. Stat. §559.72 (hereafter the "FCCPA").

### PARTIES

2.　　Plaintiffs, BRIAN and CHRISTINE ROYS ("Plaintiffs"), are "consumers" as defined by the FDCPA and FCCPA, who were at all relevant times residing in Hillsborough County, State of Florida.

3.　　At all relevant times herein, Defendant, NCC BUSINESS SERVICES, INC. ("Defendant") or ("NCC") acted as a debt collector within the meaning of 15 U.S.C. §1692a(6)



in that it held itself out to be a company collecting a consumer debt allegedly owed by the Plaintiffs.

4. Defendant is a corporation that is authorized to do business in Hillsborough County, Florida.

### ALLEGATIONS
### COUNT I
### VIOLATIONS OF THE FDCPA v. NCC

5. Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

6. Defendant is a debt collector that has made at least one attempt to collect an alleged debt from the Plaintiffs.

7. Defendant regularly collects debts from consumers such as the Plaintiffs.

8. Over the past year, Defendant's employees and agents have engaged in a pattern of harassment by way of repeated phone calls to Plaintiffs in at attempt to collect the aforementioned alleged debt.

9. On at least one occasion in the past year, Defendant's employees and agents called Plaintiffs and threatened to sue them and place a lien on their assets as a result of their failure to pay the purported debt.

10. Defendant's employees and agents proceeded to yell at the Plaintiffs when they voiced an objection to Defendant's threats.

11. Defendant overshadowed the FDCPA's thirty (30) day dispute period by threatening to take legal action against Plaintiffs within the first 30 days after its initial contact, without informing Plaintiffs of their right to dispute the purported debt.

12. On at least one occasion in the past year, Defendant's employees and agents misrepresented to Plaintiff, BRIAN ROYS, that Plaintiff, CHRISTINE ROYS, had verbally abused Defendant's debt collectors.

13. Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 in one or more of the following ways:

    a. In connection with collection of a debt, using language the natural consequence of which was to abuse Plaintiffs, including shouting at Plaintiffs after Plaintiffs objected to the threats aimed at Plaintiffs in violation of 15 U.S.C. §1692d(2);

    b. Threatening to take an action against Plaintiffs that cannot be legally taken or that was not actually intended to be taken, including threatening to sue Plaintiffs and place liens on their assets in violation of 15 U.S.C. §1692e(5);

    c. Overshadowing the disclosures required by 15 USC § 1692g(a) during the thirty-day dispute period, including threatening to take legal actions against Plaintiffs within the first 30 days after the initial communication with Plaintiffs, thereby overshadowing Defendants required notification to Plaintiffs regarding the 30 day dispute period in violation of 15 U.S.C. §1692g(b);

    d. Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiffs, including stating to one Plaintiff (Brian) that the other Plaintiff (Christine) had called a collector every name in the book, where Plaintiff Christine had not verbally abused the collector in violation of 15 U.S.C. §1692e(10); and

e. Was otherwise deceptive and failed to comply with the Fair Debt Collection Practices Act.

14. As a result of Defendant's violations as aforesaid, Plaintiffs suffered a substantial disruption in their daily routine thus warranting an award of emotional and/or mental anguish damages.

15. As a result of the above violations of the FDCPA, Plaintiffs suffered and continue to suffer injury to Plaintiffs' feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiffs for Plaintiffs' actual damages, statutory damages, and costs and attorney's fees.

WHEREFORE, Plaintiffs, BRIAN and CHRISTINE ROYS, by and through their attorneys, respectfully pray for judgment as follows:

a. All actual compensatory damages suffered;

b. Emotional and/or mental anguish damages;

c. Statutory damages of $1,000.00;

d. Plaintiffs' attorneys' fees and costs;

e. Any other relief deemed appropriate by this Honorable Court.

## COUNT II
## VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT AGAINST NCC

16. Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

17. Defendant violated the Florida Consumer Collection Practices Act, Fla. Stat. §559.72 in one or more of the following ways:

a.  Claimed, attempted, or threatened to enforce a debt while knowing that the debt was not legitimate or asserted the existence of some other legal right while knowing that the right did not exist in violation of Fla. Stat. §559.72(9);

b.  Used profane, obscene, vulgar or willfully abusive language in attempting to collect the purported debt in violation of Fla. Stat. §559.72(8); and

c.  Was otherwise deceptive and failed to comply with the Florida Consumer Collection Practices Act.

18. As a result of the above statutory violations and invasion of privacy, Plaintiffs suffered and continue to suffer injury to Plaintiffs' feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiffs for Plaintiffs' actual damages, statutory damages, and costs and attorney's fees.

WHEREFORE, Plaintiffs, BRIAN and CHRISTINE ROYS, by and through their attorneys, respectfully pray for judgment as follows:

a.  All actual compensatory damages suffered;

b.  Emotional and/or mental anguish damages;

c.  Punitive damages:

d.  Statutory damages of $1,000.00;

e.  Plaintiffs' attorneys' fees and costs;

f.  Any other relief deemed appropriate by this Honorable Court.

## COUNT III
## COMMON LAW INVASION OF PRIVACY BY INTRUSION

19. Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

20. Defendant's aforementioned violations of the FDCPA and FCCPA also constitute an intentional intrusion into Plaintiffs' private places and into private matters of Plaintiffs' lives, conducted in a manner highly offensive to a reasonable person. Plaintiffs had a subjective expectation of privacy in the context of Defendant's invasions, and this expectation was objectively reasonable under the circumstances

WHEREFORE, Plaintiffs, BRIAN and CHRISTINE ROYS, by and through their attorneys, respectfully pray for judgment as follows:

a. All actual compensatory damages suffered;

b. Emotional and/or mental anguish damages;

c. Plaintiffs' attorneys' fees and costs; and

d. Any other relief deemed appropriate by this Honorable Court.

***PLAINTIFFS REQUEST A TRIAL BY JURY ***

ALEX D. WEISBERG
WEISBERG & MEYERS, LLC
ATTORNEYS FOR PLAINTIFFS
5722 S. Flamingo Road, Ste. 656
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax

By: _____
Alex D. Weisberg, Esq.
FBN: 0566551