UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRIAN and CHRISTINE ROYS,

       Plaintiffs,                        CASE NO. 8:09-cv-01160-EAK-TBM

v.

NCC BUSINESS SERVICES, INC.

       Defendant.
_____/

### DEFENDANT, NCC BUSINESS SERVICES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW, the Defendant, **NCC BUSINESS SERVICES, INC.**, by and through its undersigned counsel, and hereby file its Answer and Affirmative Defenses to Plaintiff's Complaint and herein states as follows:

### PRELIMINARY STATEMENT

1. Admitted for the purposes of claim identification, jurisdiction, and venue only; otherwise denied;

### PARTIES

2. Admitted for purposes of jurisdiction and venue only; otherwise denied.

3. Admitted to the extent that Defendant is a "debt collector"; otherwise denied;

4. Admitted;

## COUNT I-FDCPA

5. Defendant incorporates its response to Paragraphs 1 through 4 above as if fully stated herein;

6. Unknown at this time; therefore denied;

7. Admitted to the extent Defendant regularly collects debts from consumers; otherwise denied;

8. Denied; Defendant demands strict proof thereof;

9. Denied; Defendant demands strict proof thereof;

10. Denied; Defendant demands strict proof thereof;

11. Denied; Defendant demands strict proof thereof;

12. Denied; Defendant demands strict proof thereof;

13. Denied as to each part and sub-part; Defendant demands strict proof thereof;

14. Denied; Defendant demands strict proof thereof;

15. Denied; Defendant demands strict proof thereof;

## COUNT II- FCCPA

16. Defendant incorporates its response to Paragraphs 1 through 15 above as if fully stated herein;

17. Denied as to each part and sub-part; Defendant demands strict proof thereof;

18. Denied; Defendant demands strict proof thereof;

## COUNT III- INVASION OF PRIVACY BY INTRUSION

19. Defendant incorporates its response to Paragraphs 1 through 18 above as if fully stated herein;

20. Denied; Defendant demands strict proof thereof;

## AFFIRMATIVE DEFENSES

First Affirmative Defense

Defendant affirmatively alleges that the alleged actions of the Defendant, and its agents and employees are protected by the "bona fide error" defense pursuant to Fair Debt Collection Practices Act and Florida's Consumer Collection Practices Act since such actions or inactions, if they occurred, were not intentional and resulted from a *bona fide error* notwithstanding the Defendant's maintenance of procedures reasonably adapted to avoid such an error.

Second Affirmative Defense

Defendant affirmatively alleges that it is not liable for the actions or inactions of other Defendants, and its agents and employees, since such parties are independent contractors and thus not vicariously liable under Florida law.

Third Affirmative Defense

Defendant affirmatively alleges that to the extent that any allegations exceed one (1) year from the date of filing the Complaint, such claims or allegations are barred by the one (1) year statute of limitations under the Fair Debt Collection Practices Act.

Fourth Affirmative Defense

Defendant affirmatively alleges that to the extent that any allegations exceed two (2) years from the date of filing the Complaint, such claims or allegations are barred by the two (2) years statute of limitations under Florida's Consumer Collection Practices Act.

Fifth Affirmative Defense

Defendants affirmatively allege that the Plaintiff's claims under 15 U.S.C. § 1692 and/or Section 559.72(9) *Fla. Stat.* do not demonstrate conduct that the Defendant attempted to enforce a debt it knew to be illegitimate.

Sixth Affirmative Defense

Defendant affirmatively allege that the Plaintiff failed to mitigate theirdamages, if any, in this case.

Seventh Affirmative Defense

Defendants affirmatively allege the Defendants' collection activity, including any verbal or written representations, were not misleading, deceptive, false, unfair or unconscionable.

Eighth Affirmative Defense

Defendant affirmatively allege that Plaintiff's claim for actual damages are not actionable since the damages are speculative and are not the proximate cause of any action or inaction of the Defendant.

Ninth Affirmative Defense

Defendant affirmatively alleges that the claims are barred by laches.

Tenth Affirmative Defense

Defendant affirmatively asserts that the alleged facts do not constitute intentional invasion of privacy.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of the foregoing has been electronically filed on the **June 24, 2009**, with the United States District Court, Southern District of Florida by using CM/ECF system, which Notice will be electronically mailed to: Alex D. Weisberg, Esquire, c/o Weisberg & Meyers, LLC, 9369 Sheridan Street, Suite 656, Cooper City, Florida 33024.

/s/Ernest H. Kohlmyer, III
Ernest H. Kohlmyer, III, Esquire
Florida Bar No. 0110108
Molly E. Young, Esquire
Florida Bar No. 0599891
BELL, ROPER & KOHLMYER, P.A.
2707 East Jefferson Street
Orlando, Florida   32803
(407) 897-5150
(407) 897-3332 (fax)
Skohlmyer@bellroperlaw.com
Attorneys for Defendant